## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)      IAN RUPERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIV-21-465-J |
| **vs.** | ) | |
| | ) | **COMPLAINT** |
| **(1)    CREDIT CONTROL, LLC and** | ) | **(Unlawful Debt Collection Practices)** |
| **(2)    LVNV FUNDING, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | | |

## COMPLAINT

NOW COMES Plaintiff, Ian Rupert, and for his Complaint against Defendants, Credit Control, LLC, and LVNV Funding, LLC, alleges as follows:

## INTRODUCTION

1.      Plaintiff states a claim against Credit Control, LLC ("Credit Control") and LVNV Funding, LLC ("LVNV") for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2.      Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4.      Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person who resides in Oklahoma, County of Oklahoma.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

sought to collect a consumer debt from Plaintiff.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant Credit Control is a collections business with an office in Hazelwood, Missouri.

10.     Plaintiff is informed and believes that LVNV maintains its headquarters in Las Vegas, Nevada.

11.     Upon information and belief, Defendants use interstate mail and make telephone calls to consumers attempting to collect on defaulted consumer debt

12.     Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     In the first half of 2019, Defendant Credit Control sent correspondence to Plaintiff seeking and demanding payment for a debt purportedly owed to Defendant LVNV, that was originated with Capital One, NA for a defaulted, consumer debt. Upon information and belief, Defendant Credit Control has been engaged by Defendant LVNV to assist it with collection of the account.

14.     On June 13, 2019, Plaintiff sent a certified letter to Defendant Credit Control advising Defendants that he refused to pay the alleged debt pursuant to 15 U.S.C. §1692c(c).

15.     According to USPS delivery confirmation receipts, Defendant Credit Control received Plaintiff's correspondence on June 17, 2019.

16.     Pursuant to 15 U.S.C. §1692c(c), after Defendants received Plaintiff's written notice, Defendants may not further communicate with Plaintiff regarding the debt, except only for limited purposes, such as to advise Plaintiff that Defendant is ceasing communications or notifying Plaintiff that Defendants are invoking a certain remedy, like filing a lawsuit or notifying the consumer that efforts to collect have been stopped as requested by the consumer.

17.     A notice sent pursuant to 15 U.S.C. §1692c(c) is effective *upon receipt.*

18.     Specifically, 15 U.S.C. §1692c(c) states, with emphasis:

> **(c) Ceasing communication**
>
> If a consumer notifies a debt collector in writing that the consumer <u>refuses to pay a debt</u> or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt....
>
> **<u>If such notice from the consumer is made by mail, notification shall be complete upon receipt</u>.**

19.     However, after receiving Plaintiff's notice mailed pursuant to 15 U.S.C. §1692c(c), Defendant Credit Control sent Plaintiff additional communications seeking to collect the debt on behalf of Defendant LVNV, including letters dated April 23, 2020, and January 18, 2021.

20.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## <u>COUNT I</u>
## <u>DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.</u>

21.     Defendants violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendants in writing that Plaintiff refused to pay the alleged debt.

**WHEREFORE**, Plaintiff, Ian Rupert, respectfully prays that judgment be entered against Defendant, Credit Control, LLC, for the following:

a)     Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

d)      Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNTLAW
CONSUMER PROTECTION FIRM

1202 E. 33rd Street
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
7584@paramount-law.net

COMPLAINT                                                                 5