UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IAN RUPERT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC;<br>& LVNV FUNDING, LLC,<br><br>　　　　Defendants. | CASE NO. CIV-21-465-J<br><br>CREDIT CONTROL, LLC'S ANSWER<br>AND AFFIRMATIVE DEFENSES |

## CREDIT CONTROL, LLC's ANSWER AND AFFIRMATIVE DEFENSES

Defendant Credit Control, LLC ("Credit Control"), by and through its counsel, hereby answers the Complaint of Plaintiff, Ian Rupert ("Plaintiff") as follows:

### INTRODUCTION

1. Credit Control admits Plaintiff brings this action alleging violations of the FDCPA, but denies the Complaint states a claim, and denies Credit Control violated the FDCPA. The remainder of this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the remaining allegations of this paragraph.

2. This paragraph and its subparts recite legal authority and state legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph and its subparts.

### JURISDICTION AND VENUE

3. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

4. Credit Control admits it conducts business in the State of Oklahoma. The remainder of this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the remainder of this paragraph.

5. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

## PARTIES

6. Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

7. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, upon information and belief, Credit Control admits that Plaintiff owes a debt. To the extent that an answer is required to the remaining allegations, Credit Control is without sufficient information to admit or deny and accordingly denies each and every allegation not specifically admitted.

8. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control admits that it collects debts but is without sufficient information to admit or deny the remaining allegations and therefore denies the remaining allegations of this paragraph.

9. Credit Control is without sufficient information to admit or deny Plaintiff's "belief" or what he is "informed" of and therefore denies the allegations of paragraph 9.

10. Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

11. Credit Control admits it engages in the collection of debts using mail and telephone to other states. Whether debts are considered "consumer debts" or the accounts collected are

attached to "consumers" are legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the remainder of this paragraph.

12. Credit Control denies that it "acted" as described in the Complaint, as more fully set out in the admissions and denials below, and therefore denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

13. Credit Control admits that it was collecting on behalf of LVNV. Credit Control admits that it sent correspondence but denies each and every allegation inconsistent with the language of that letter which is in Plaintiff's position and states that the letter speaks for itself. Credit Control denies each and every remaining allegation of paragraph 13 as written.

14. Credit Control admits Plaintiff sent a letter to Credit Control dated June 14, 2019 and said letter speaks for itself. Credit Control denies that letter constituted a blanket refusal to pay, and denies that the letter was written "pursuant to" any statutory provision. To the extent the letter is characterized as being "pursuant to" the FDCPA section cited, Credit Control states that this assertion is a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the remainder of this paragraph not explicitly admitted.

15. Credit Control admits its received Plaintiff's correspondence on June 17, 2019 and admits that USPS delivery confirmation receipts will speak for themselves.

16. Credit Control denies Plaintiff's letter fits within the definition of the cited statutory provision. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

17. Credit Control denies Plaintiff's communication was sent "pursuant to 15 U.S.C. § 1692c(c). The remainder of this paragraph states a legal conclusion to which no response is

required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

18. This paragraph states a legal conclusion and recited a statutory provision to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph inconsistent with that actual statute.

19. Credit Control admits it sent letters to Plaintiff after the receipt of Plaintiff's letter on June 17, 2019. Credit Control denies Plaintiff's letters of these dates were sent "pursuant to 15 U.S.C. §1692c(c)," denies Credit Control's letters were made in violation of the FDCPA, and denies the remaining allegations of this paragraph.

20. Paragraph 20 states legal conclusions to which no answer is required. To the extent that an answer is required, Credit Control denies this paragraph. Specifically, Credit Control denies the conduct alleged, denies it engaged in in "illegal collection communications," and denies Plaintiff suffered any damages, including, but not limited to, those listed in this paragraph.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

(UNNUMBERED) Credit Control reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

21. Paragraph 21 states legal conclusions to which no answer is required. To the extent an answer is required, Credit Control denies Plaintiff's letter constituted a refusal to pay under section §1692c(c), denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

(UNNUMBERED PARAGRAPH) This paragraph is a prayer for relief, which requires no response. To the extent a response is necessary, Credit Control denies the conduct alleged in the

Complaint, and denies Plaintiff is entitled to any damages, including but not limited to those listed in this paragraph and its subparts.

## AFFIRMATIVE DEFENSES

I. To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

II. Plaintiff's damages, if any, were pre-existing and were not caused by Credit Control.

III. Plaintiff failed to mitigate his claimed damages, if any.

IV. Plaintiff proximately caused his own damages, if any.

V. Plaintiff has not suffered a concrete injury-in-fact, and therefore lacks standing.

VI. Plaintiff has failed to state a claim upon which relief may be granted.

VII. Plaintiff's damages, if any, are the result of the actions of third parties over whom Credit Control has no control.

VIII. Credit Control acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Credit Control is found to be unlawful, which Credit Control expressly denies, such conduct was not willful and should not give rise to liability.

WHEREFORE, Defendant Credit Control, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as this Court deems just and proper.

Dated: June 21, 2021                                          Respectfully Submitted,

                                              **MALONE FROST MARTIN PLLC**

                                              By:/s/ PATRICK A. WATTS
                                              Patrick A. Watts, #61701
                                              7733 Forsyth Blvd Ste. 600
                                              St. Louis, Missouri 63105
                                              pwatts@mamlaw.com
                                              P: (314) 669-5490
                                              F: (888) 632-6937

                                              *Attorneys for Defendant*
                                              *Credit Control, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system on this 21st day of June, 2021, to:

Victor R Wandres
Paramount Law
1202 E 33rd St
Tulsa, OK 74105
Ph: 918-200-9272
victor@paramount-law.net
*Attorney for Plaintiff*

Erick Wilbert Harris
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
405-445-6280
erickharris10@gmail.com
*Attorney for Defendant LVNV*

                                              By:/s/ Patrick A. Watts