IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   IAN RUPERT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | 5:21-cv-00465-J |
| | ) | |
| (1)   CREDIT CONTROL, LLC and | ) | |
| (2)   LVNV FUNDING, LLC | ) | |
| | ) | |
| **Defendant.** | | |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 26(f) a meeting was held on July 27th, 2021. Plaintiff appearing by counsel Victor R. Wandres, Defendant LVNV Funding, LLC ("LVNV"), appearing by counsel Erick Harris and Credit Control, LLC appearing by Cooper Walker.

1. **BRIEF PRELIMINARY STATEMENT**.

   Plaintiff:

   Plaintiff asserts claims against Defendant for violation of the Fair Debt Collection Practices Act. Specifically, Plaintiff asserts that Defendant Credit Control, LLC, a debt collector working as an agent for debt collector LVNV Funding, LLC, sent written communications seeking to collect a consumer debt from Plaintiff *after* Credit Control, LLC received Plaintiff's certified letter sent pursuant to 15 U.S.C. §1692c(c) refusing to pay the alleged debt.

   Plaintiff seeks his actual and statutory damages pursuant to 15 U.S.C. §1692k. In addition, in the event that Plaintiff is declared the prevailing party in this matter, Plaintiff intends to seek his attorney fees and court costs.

1

LVNV:

The sole cause of action in this case is the alleged violation of 15 U.S.C. § 1692c(c), which deals with communications by a "debt collector" to a "consumer." LVNV specifically denies that it is a "debt collector." LVNV is a passive debt buyer that has no employees. LVNV is not consumer-facing and has no contact with consumers. As such, 15 U.S.C. § 1692c(c) does not apply to LVNV since by the statutes express terms, it only applies to "debt collectors." Therefore, LVNV denies Plaintiff's claim, and requests the Court dismiss this case.

Defendant Credit Control:

Defendant Credit Control denies all allegations made by Plaintiff. In the event this Court or a jury determines that a violation occurred, Defendant Credit Control asserts that such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. **JURISDICTION**. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d). Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

3. **STIPULATED FACTS**.

A. Jurisdiction Admitted: _____ Yes \_\_\_X\_\_\_ No Explain: Defendants do not stipulate to the jurisdiction of this Court only insofar as it wishes to preserve the ability to argue that Plaintiff lacks standing under Article III of the United States Constitution if it believes appropriate.

B. Venue appropriate: \_\_\_X\_\_\_ Yes _____ No Explain:

C. Facts:

- Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.
- Venue is proper.

- Defendant Credit Control, LLC's corporate headquarters are located at 5757 Phantom Drive, Ste 330 Hazelwood, MO 63042

- Defendant LVNV Funding, LLC's corporate headquarters are located at 6801 S Cimarron Rd STE 424J, Las Vegas, NV 89113-2273

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a. <u>Plaintiff</u>: Pursuant to 15 U.S.C. §1692c(c), after Defendants received Plaintiff's written notice refusing to pay, Defendants may not further communicate with Plaintiff regarding the debt, except only for limited purposes, such as to advise Plaintiff that Defendant is ceasing communications or notifying Plaintiff that Defendants are invoking a certain remedy, like filing a lawsuit or notifying the consumer that efforts to collect have been stopped as requested by the consumer. Such notice is effective upon receipt pursuant to the explicit language of 15 U.S.C. §1692c(c).

However, after receiving Plaintiff's certified letter, Defendant Credit Control, LLC sent at least two additional communications to Plaintiff seeking to collect the same debt on behalf of Defendant LVNV Funding, LLC, who was allegedly assigned the debt after default for the purposes of collection.

b. <u>LVNV</u>:

LVNV seeks it's fees and costs associated with this litigation.

<u>Defendant Credit Control</u>:   Defendant Credit Control denies all allegations made by Plaintiff.  In the event this Court or a jury determines that a violation occurred, Defendant Credit Control asserts that such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   ☐ Yes  **x** No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   - Motion for summary judgment anticipated to be filed by both parties at close of discovery.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes  **x** No
   If "no," by what date will they be made? July 26, 2021

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on July 27th, 2021.

   B. The parties anticipate that discovery should be completed within 5 months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  5 months.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   **x** Yes  ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   **x** Yes  ☐ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

   F. Identify any other discovery issues which should be addressed at the scheduling

4

conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9. **ESTIMATED TRIAL TIME**:  2 days

10. **BIFURCATION REQUESTED**:   □ Yes  **x** No

11. **POSSIBILITY OF SETTLEMENT**:   □ Good   **x** Fair  □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:   **x** Yes   □ No

    B. The parties request that this case be referred to the following ADR process:

    □ Court-Ordered Mediation subject to LCvR 16.3
    X Judicial Settlement Conference
    □ Other _____
    □ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  □ Yes **x** No

14. Type of Scheduling Order Requested.  **x** Standard  -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th of July, 2021.

/s/ Victor R. Wandres
Victor R. Wandres, OBA# 19591
Paramount Law
1303 E. 33rd St.
Tulsa, OK  74105
(918) 200-9272 (v)
(918) 895-9774 (f)

*Attorney for Plaintiff*


/s/ Cooper Walker
PATRICK A. WATTS
MO Bar No. 61701

5

COOPER M. WALKER
TX Bar No. 24098567
Attorneys for Defendant Credit Control, LLC
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
Telephone: (214) 346-2630
Fax: (214) 346-2631
Email: pwatts@mamlaw.com
Email: cwalker@mamlaw.com


/s Erick Harris
Erick Harris, Esq. OBA #
Gordon Rees Scully Mansukhani, LLP
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
Office: (405) 445-6280
Email: *eharris@grsm.com*

*Attorneys for Defendant*
LVNV Funding, LLC